IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHASE ANDERSON ROMAGNANO,
      Plaintiff,

vs.                              Case No.: 3:19cv3559/RV/EMT

CSL PLASMA,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review, it is apparent Plaintiff has failed to state a viable claim for relief against the named Defendant. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend [his] claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation

omitted). The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

I.    BACKGROUND

Plaintiff names one Defendant in the action—CSL Plasma, a plasma donation center in Pensacola, Florida (ECF No. 1 at 1, 3). It appears the matter stems from an attempt by Plaintiff to donate plasma at CSL on September 25, 2019 (ECF No. 1 at 4). Although Plaintiff's allegations are somewhat unclear, he suggests he was not permitted to donate because his stated address—the same one that appears on his Florida driver's license—is 350 West Herman Street, in Pensacola, Florida, which is a homeless shelter known as The Waterfront Rescue Mission (ECF No. 1 at 4–10). Plaintiff complains that he was not permitted to donate plasma because he is homeless and, as a result, he was unable to collect the $60 normally paid for such donations (*id.*). Raising vague claims of "discrimination," to include "discrimination based on address . . . [and] type of residential housing" (ECF No. 1 at 11–12), he asks this court to enter an order requiring CSL to accept plasma donations from him while he resides at 350 West Herman Street (or otherwise is homeless) and requiring CSL to pay him accordingly (*id.* at 10–11). He also appears to seek the same relief on behalf of others residing at The Waterfront Rescue Mission, though he has identified no such resident by name and no one other than Plaintiff has signed the complaint (*see id.* at 10, 13).

II.    DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights

cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

   B. Section 1983 Claims

   A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff has failed to plead facts sufficient to establish either element of a § 1983 claim. Not only does Plaintiff not specify a constitutional provision or other federal law under which he proceeds, but he names as the lone Defendant a private company/business—CSL Plasma. It is clear this entity did not act under the color of law in rejecting Plaintiff's request to donate plasma, and therefore it is not subject to suit under § 1983.

C.  Discrimination Claims

The United States Congress has enacted two statutes that establish civil rights in the context of public accommodations: (1) Title II of the Civil Rights Act of 1964, § 201, *et. seq., as amended*, 42 U.S.C. § 2000a, *et. seq*.; and (2) 42 U.S.C. § 1981.

Title II provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

And Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

To establish a prima facie case of discrimination under federal law Plaintiff must demonstrate: (1) that he is a member of a protected class; (2) that Defendant intended to discriminate against him on that basis; and (3) that Defendant's racially discriminatory conduct abridged a right enumerated in the statute. *Stevens v. Steak*

*n Shake, Inc.*, 35 F. Supp. 2d 882, 887 (M.D. Fla. 1988) (*citing Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).

Plaintiff has not established a prima facie case of discrimination under either statute.  "Homelessness" is not a protected class under Title II of the Civil Rights Act of 1964.  *See* 42 U.S.C. § 2000a(a), *supra*.  And Plaintiff brings no claims of discrimination based on his race or any other protected status, so Section § 1981(a) is inapplicable, as are the race-based provisions of § 2000a(a).  Plaintiff has therefore failed to state a plausible discrimination claim on which relief may be granted.

## III.    CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).  Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his § 1983 claims and his discrimination claims.  It also is apparent Plaintiff cannot cure the deficiencies by amendment.  *See* Fed. R. Civ. P.

8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 26th day of December 2019.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**